**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**                                                                                             **4:90cr4008-WS**

**HUBERT DAVIS,**

       **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON MOTION FOR REDUCTION OF SENTENCE**

    Defendant Davis filed a motion for reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Doc. 165.  Attached to the motion (but not separately docketed) is a motion for appointment of counsel, which is denied by separate order.  Also attached are exhibits supporting the motion for reduction, hereafter referenced as attached exhibits.

    It is noted that this Defendant has previously sought relief under 28 U.S.C. § 2255, and filed motions for modification and reduction of sentence.  *See* doc. 161-163 (report and recommendation at pp. 1-2, discussing procedural history; as adopted by the court and judgment entered on October 15, 2004).

Defendant now seeks compassionate release based on his age and medical condition, and claims that it is futile for him to continue seeking relief from the Bureau of Prisons (BOP).  Specifically, he alleges that he has been diagnosed with prostate cancer and has other chronic medical conditions.  Doc. 165, pp. 2-3.  He asserts that relief is authorized by 18 U.S.C. § 3582(c)(1)(A)(i) and (ii), or that the court has power to grant equitable relief.  *Id.*, pp. 2-6.

A district court may not modify a term of imprisonment except as set forth in § 3582(c)(1) and (2).  Under § 3582 (c)(1)(A), the court may reduce the term of imprisonment upon motion of the Director of BOP, if the court finds that (i) extraordinary and compelling reasons warrant the reduction, or (ii) the defendant is at least 70 years old and has served at least 30 years in prison, and the Director determines that the defendant does not pose a danger to others or the community.[1]

The Director of the BOP has not filed a motion in this case.  Defendant has attempted to obtain such relief with the BOP to no avail.  He has supplied his various requests for administrative remedy or appeal and the responses thereto.

In response to Defendant's inmate request to staff member dated March 20, 2005, requesting compassionate release, Defendant was advised that "[a] review of your medical status has found that you have responded well to treatment and your condition is considered to be stable," so he did not meet the criteria for compassionate

---

[1] This clearly does not apply to Defendant, who alleges that he is 81 years old and has served some 15 years since the imposition of his 23 year sentence.  Doc. 165, p. 2.

release. Attached exhibits, p. 13 (response dated April 4, 2005) (tracking number 050329-297).

An informal resolution answer dated May 31, 2005, advised that on that same date Defendant was evaluated by the doctor, who "indicated that you have some medical conditions, but they are under control. You are very stable at this time, and continue to respond well to treatment." Attached exhibits, p. 14. There were not extraordinary or compelling circumstances to meet the criteria for a recommendation for compassionate release. *Id.*

In response to Defendant's request for administrative remedy received June 15, 2005, number 379400-F1, it was noted that Defendant sought compassionate release based on medical conditions. Attached exhibits, p. 9 (response dated June 16, 2005). Defendant was advised:

> On May 31, 2005, you were evaluated by the institution[']s physician and he found that your medical conditions are under control and that you continue to respond well to prescribed treatment. Your overall medical condition is believed to be very stable. In view of this evaluation, we find no extraordinary and/or compelling circumstances that would support a recommendation for compassionate release.

*Id.* The request for administrative remedy was denied. *Id.*

In the response to his administrative remedy appeal received July 20, 2005, number 379400-R1, Defendant was advised:

> Under 18 U.S.C. 3582(c)(1)(A), a sentencing court, on the motion of the Bureau of Prisons, may reduce the term of imprisonment for an inmate sentenced under the Comprehensive Crime Control Act of 1984. The Bureau may use this provision for inmates under extraordinary and compelling circumstances which could not reasonably have been foreseen by the sentencing court at the time of sentencing. *In practice, the Bureau has limited the use of this authority to situations when inmates personally suffer from terminal illness with a precise prediction of life expectancy.*

> Other factors considered are the nature and circumstances of the criminal conduct, the inmate's criminal history, and the sentence length.
>
> Our review of your request in accordance with the aforementioned, along with Program Statement (PS) 5050.46, Compassionate Release Procedures and PS 600.05, Health Services Manual, reveals you are not a suitable candidate for a compassionate release at this time, *due to the amount of time remaining on your sentence and the seriousness of your criminal history*.

Attached exhibits, p. 7 (response dated August 10, 2005) (emphasis added).

Defendant fails to state a claim for relief under the plain language of § 3582(c)(1)(A)(i) or (ii), as no motion has been filed by the Director of the BOP. He has not alleged or stated any claim for relief otherwise available under § 3582(c).[2]

Defendant also asserts error in the denial by the BOP of his request for compassionate release, a claim arguably cognizable under 28 U.S.C. § 2241. See United States v. Maldonado, 138 F. Supp. 2d 328, 332 (E.D. N.Y. 2001) (request for early or compassionate release which did not fit the circumstances specified in § 3582(c) could proceed under § 2241, following exhaustion of remedies) (citations omitted). This court has jurisdiction over Defendant and his custodian in Pensacola. *Compare* 138 F.Supp.2d at 332-333 (sentencing court in New York lacked jurisdiction as petitioner and his custodian were in New Jersey).

To the extent that this court could review the claim even lacking authority under § 3582(c), however, relief should be denied. A review of the documents submitted by

---

[2] A district court may not modify a term of imprisonment except upon motion of the Director of the BOP as set forth above, to the extent otherwise expressly permitted by statute or Fed.R.Crim.P. 35, or where the sentencing guideline range applied to a defendant has since been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1) and (2).

Defendant reveals that his request has been considered.  Based on his medical evaluation and considering the seriousness of his offense, the circumstances were not deemed extraordinary and compelling.  While Defendant's age[3] and medical problems are cause for sympathy, relief, if any, must follow the law.  Defendant's condition is considered "very stable" and he has been evaluated by a doctor who found he responded well to prescribed treatment.

In Maldonado, the court found that even if it had § 2241 jurisdiction, relief should be denied.  138 F. Supp. 2d at 333.  It noted that the BOP generally interprets the "extraordinary and compelling" language of § 3582(c)(1)(A)(i) to require a serious medical condition which is terminal, with a determinable life expectancy.  *Id.*

> The court finds that this interpretation of "extraordinary and compelling" is reasonable, because it limits the number of people eligible for compassionate release to those cases that are truly extraordinary and that may be decided on an objective basis.  Moreover, the BOP's interpretation is still broad enough for it to apply to the rare defendant whose circumstances do not match the BOP's traditional definition of "extraordinary and compelling," but whom the BOP nonetheless determines is deserving of a compassionate release.  In this case, *the BOP reasonably found that Maldonado did not fall into the latter category given the seriousness of the crimes of which he was convicted.*

*Id.* (emphasis added).

Here too, the BOP reasonably found that Defendant did not fit into the category of "extraordinary and compelling" because he is not terminally ill with a precise prediction of life expectancy, and is not otherwise deserving of compassionate release given the seriousness of his crime.  He is not entitled to any relief from this court.

---

[3] Defendant is now 81 years of age.  He has served about 15 years of his sentence, and has about 5 more years to serve.

It is therefore respectfully **RECOMMENDED** that Defendant's motion for reduction of sentence or compassionate release, doc. 165, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2005.

　　　　　　　　　　　　　　S/    William C. Sherrill, Jr.
　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**